AMOS R. ENO, APPELLANT, v. THE MAYOR, ALDERMEN,
AND COMMONALTY OF THE CITY OF NEW YORK,
RESPONDENTS.

*Constitution — power of legislature under, to prescribe form of remedies — Assess-
ments — practice — Demurrer.*

The legislature has power to prescribe the form in which remedies shall be pros-
ecuted, hence an act restricting suitors to a particular form of proceeding to
obtain remedies, which were before given by suit or action in the nature of a
bill in equity, is not unconstitutional.

The collection of an assessment cannot be arrested, upon the ground that the
work for which the assessment was levied had been formerly contracted for at
a lower price than that actually paid, and that the city had failed to proceed
against the original contractor to recover damages for the loss sustained by
his failure to perform his contract.

When the statute declares that the form of proceedings adopted shall not be main-
tained upon the grounds set forth in the complaint, a demurrer, on the ground
that the complaint does not state facts sufficient to constitute a cause of action,
is proper.

APPEAL by the plaintiff from an order of the Special Term, sus-
taining a demurrer to the complaint.

The action was brought by the plaintiff to remove a cloud upon his title to certain real estate, occasioned by an assessment for grading Seventy-ninth street, New York, and also to restrain the collection of said assessment, and to obtain other equitable relief.

*Irving Ward*, for the appellant. The act of 1874 cannot be taken into consideration on a demurrer to the complaint. The act is a local one, and must be specially pleaded by answer. (*Cook* v. *Chase*, 3 Duer, 634; *Nones* v. *Hope Ins. Co.*, 5 How., 96; *Hotchkiss* v. *Elting*, 36 Barb., 39; *Wilson* v. *The Mayor, etc.*, 6 Abb., 198; 15 How., 500; *Vibert* v. *Frost*, 3 Abb., 120; *Hobart* v. *Frost*, 5 Duer, 672; *Fulton Ins. Co.* v. *Baldwin*, 37 N. Y., 648; *Malone* v. *Stilwell*, 15 Abb., 421; *Nellis* v. *De Forrest*, 16 Barb., 65; *Loomis* v. *Tift*, id., 541.) The legislature does not possess the power of abridging the jurisdiction of the Supreme Court. (*Alexander* v. *Bennett*, Ct. of App. MSS.; *De Hart* v. *Hatch*, 6 N. Y. S. C. [T. & C.], 186; *Landers* v. *Staten Island R. R. Co.*, 53 N. Y., 457; *Cook* v. *Whipple*, 55 id., 160; *McCartney* v. *Bostwick*, 32 id., 57; *Reubens* v. *Joel*, 13 id., 488; *Sherman* v. *Felt*, 2 id., 186; *Gracie* v. *Freeland*, 1 id., 232; *Parsons* v. *Bedford*, 3 Pet., 433; *Blackman* v. *Van Inwager*, 5 How. Pr., 367; *Newell* v. *Wheeler*, 48 N. Y., 486.) The omission to advertise the proceedings of the common council was a failure to comply with a necessary condition precedent. (*Jewell* v. *Steinbugh*, 58 N. Y., 86, and cases there cited; *Dorwin* v. *Strickland*, 57 id., 492; *Adams* v. *Saratoga, etc., R. R. Co.*, 10 id., 328; *Van Rensselaer* v. *Witbeck*, 7 id., 517; *Mayor, etc., of Baltimore* v. *Horn*, 26 Md., 194; *Denny* v. *Mattoon*, 84 Mass., 383.) The plaintiff seeks to obtain two separate and distinct kinds of relief, and, as the complaint can be sustained upon one of these grounds, the demurrer, which is to the whole complaint, must be overruled. (*The People* v. *The Mayor, etc.*, 8 Abb., 7; *Sinclair* v. *Fitch*, 3 E. D. Smith, 677; *Richards* v. *Edick*, 17 Barb., 260; *Graham* v. *Cammann*, 5 Duer, 697; *Hammond* v. *Hudson R., etc., Co.*, 20 Barb., 386; *Bank of Louisville* v. *Edwards*, 11 How., 218; *Hillman* v. *Hillman*, 14 id., 456.)

*D. J. Dean*, for the respondents, cites *Lennon* v. *Mayor* (55 N. Y., 361); *Matter of Mayor* (50 id., 504); *Dolan* v. *Mayor* (Ct. of App. [1876]).

DAVIS, P. J.:

By chapter 312 of the Laws of 1874 (p. 366), it is enacted "that hereafter no suit or action in the nature of a bill in equity or otherwise shall be commenced for the vacation of any assessment in said city, or to remove a cloud upon title, but the owners of property shall be confined to their remedy in such cases by proceedings under the act hereby amended."

This action is brought to vacate an assessment, and to remove the same as a cloud upon the title of the plaintiff upon the various grounds set forth in the complaint. It is very plainly a "suit or action in the nature of a bill in equity," and is prohibited by the act above cited, if that act be valid. The complaint claims, however, that the act is unconstitutional, on the ground that it seeks to deprive the Supreme Court, which is a court of general jurisdiction, of a portion of the jurisdiction which it before possessed for the relief of suitors. It is a mistake, however, to suppose that the act deprives the court of any jurisdiction. It simply restricts suitors to a particular form of proceeding in the court to obtain remedies which before may have been given by "suit or action in the nature of a bill in equity." There is no provision of the Constitution that prevents the legislature from prescribing the form in which remedies shall be prosecuted in this or in any other court.

The Court of Appeals, in *Lennon* v. *Mayor* (55 N. Y., 361), and in *Dolan* v. *The Mayor* (not yet reported), have substantially settled the law in accordance with these views.

It is urged that those cases arose in the Superior Court or Court of Common Pleas, and that those courts being of limited and special jurisdiction, are subject to restrictions to be imposed by the legislature, which cannot be applied to this court; but there seems to us to be no reason for such distinction. When the legislature seeks simply to regulate the mode of procedure in obtaining a remedy, its powers are the same over all the courts of the State. But it is claimed that the demurrer was improperly sustained, because the action sought the additional remedy of restraining the collection of the assessment until the city should institute an action to collect the bond of a former contractor, and apply the moneys recovered in such action to reduce the assessment as might be just and equitable. Upon the facts stated in the

complaint bearing upon that redress, we think no right of action is shown. It is alleged, in substance, that a former contractor had undertaken to perform the work for which the assessment is made, at prices much less than those paid by the city upon the second contract; that the first contractor, after partial performance, failed to carry out his contract; that thereupon the commissioner of public works relet the work at larger prices; and that the first contractor, by reason of his default, became liable to an action upon his bond for the difference between his prices and those subsequently paid, and it is averred that no such action has been brought. The collection of an assessment cannot, in our opinion, be arrested or suspended upon any such ground; nor can the defendant be compelled to prosecute suits of such a character, before the enforcement of assessments for the construction of public works. To allow actions of that character to be maintained would subject public improvements to delays and embarrassments greatly prejudicial to the interests of the public.

It is insisted, also, that the question as to the form of remedy is not raised by the demurrer in this case. The demurrer is in the general form, that the complaint does not state facts sufficient to constitute a cause of action. We regard this as sufficient. The statute declares that the form of proceedings herein adopted shall not be maintained upon the grounds set forth in the complaint; and the ground of demurrer, that the complaint does not set forth sufficient facts to constitute a cause of action, must be sufficient where, upon the facts alleged, a remedy cannot be had in the form in which the suit is brought. In substance, the demurrer is, that, admitting all the facts stated to be true, the action brought cannot be maintained, and when that is true the general form of demurrer adopted in this case is sufficient.

We think the order of the court below was correct, and should be affirmed with costs.

BRADY and DANIELS, JJ., concurred.

Order affirmed with costs.